IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-0150-WDM-KLM

SHARPSHOOTER SPECTRUM VENTURE, LLC, a Delaware limited liability company,

    Plaintiff,
v.

ROBERT CONSENTINO d/b/a SHARPSHOOTERS PHOTOGRAPHY,

    Defendant.

## ORDER DISMISSING CASE FOR LACK OF PERSONAL JURISDICTION

Miller, J.

This case is before me on the Response to Order to Show Cause, filed December 15, 2009, by plaintiff Sharpshooter Spectrum Venture LLC (Plaintiff) (ECF No. 20). Plaintiff filed its response to address concerns raised in my December 10, 2009 Order Denying Plaintiff's Motion for Default Judgment (ECF No. 19), in which I questioned whether I have personal jurisdiction over defendant Robert Consentino, d/b/a Sharpshooters Photography (Consentino). For the reasons that follow, I conclude that Plaintiff has failed to make a *prima facie* showing that personal jurisdiction over Consentino is proper. Accordingly, I must dismiss this case without prejudice.

### Background[1]

Plaintiff is a Delaware limited-liability company with a principal place of business in

---

[1] The following background is drawn from my December 19, 2009 Order, with citations to the underlying record.

Wheat Ridge, Colorado. Complaint, ¶ 1 (ECF No. 1). Plaintiff has been in the photography business under the SharpShooter name for approximately thirty-five years and, in the course of its business, provides photography services to approximately one hundred clients in twenty-eight states, including New York. Testimony of Richard Roy, May 27, 2009 Hearing.

Plaintiff owns United States service marks, registration numbers 2315588 and 2315589, for the mark "SHARPSHOOTER," for portrait photography services.[2] Declaration of Richard Roy, Exhibit 5 to Supplemental Motion for Default Judgment, ¶ 4 (ECF No. 16-1); Exhibits 6 and 7 to Supp. Mtn. (ECF Nos. 16-2, 16-3). Plaintiff also owns Colorado state registrations for the marks "SHARPSHOOTER IMAGING" and "SHARPSHOOTER SPECTRUM," registration numbers 20031136451 and 20031136452 respectively. Roy Declaration at ¶¶ 5-6.

Consentino appears to be the proprietor of Sharpshooters Photography, a business based in White Plains, New York. Complaint, ¶ 2. His business provides photography services in New York and elsewhere in a tri-state area, including photography for weddings and corporate events. Plaintiff's Exhibit 3, Hearing on Motion for Default Judgment. Consentino maintains two websites, one located at www.sharpshootersphoto.com and the other at www.rtp.homestead.com. Both sites advertise his business under the name "Sharpshooters Photography." *Id.*; Exhibits B and C to Motion for Default Judgment (ECF Nos. 9-2, 9-3).

---

[2] For ease of understanding, I will refer to Plaintiff's service marks as "trademarks" in this order.

In response to the order to show cause in my December 10, 2009 Order, Plaintiff has provided evidence that the www.sharpshootersphoto.com website is an interactive site where users can exchange information with Consentino's host computer regarding print selection, cropping, payment, and delivery.[3]  Declaration of Jessica L. Olson, attached to Response to Order to Show Cause (ECF No. 20).

Plaintiff first learned that Consentino was operating a photography business under a name similar to Plaintiff's on April 23, 2008, after a customer attempting to contact Plaintiff for wedding photography services reached Consentino in error; the customer notified Plaintiff of Consentino's unhelpfulness.  Roy Declaration, ¶ 18; Exhibit 9 to Supplemental Motion for Default Judgment (ECF No. 16-5).  After Plaintiff learned of Consentino's response to its client and of the confusion that existed between the two businesses, its Chief Financial Officer, Richard Roy, contacted Consentino in June or July 2008.  Roy Testimony, May 27, 2009 Hearing.  Consentino responded that he had been contacted by Plaintiff's customer's on prior occasions.  *Id.*  When Roy informed him of Plaintiff's ownership of the trademarks for the SharpShooter name, Consentino said he would not take any action unless forced to do so by a court.  Roy Declaration, ¶ 22.

Plaintiff filed its Complaint on January 26, 2009 (ECF No. 1), alleging seven claims for relief: (1) violation of section 43(a) of the Lanham Act, 15 U.S.C. § 114(1); (2) false designation of origin in violation of 15 U.S.C. § 1125(a); (3) blurring/tarnishment; (4) false advertising; (5) unfair competition; (6) deceptive trade practices in violation of the Colorado

---

[3]  The www.rtp.homestead.com website requires the user to log in.  I have no evidence of the nature of this website, *i.e.* whether it is interactive or merely passive.

Consumer Protection Act, C.R.S. § 6-1-105; and (7) common law unfair competition. It is seeking injunctive relief, an order requiring Consentino to grant title to Plaintiff of the URL www.sharpshootersphoto.com, and damages.[4]

On February 12, 2009, Plaintiff filed an Affidavit of Service showing the Consentino had been served with a copy of the summons and complaint on February 3, 2009 (ECF No. 5). To date, Consentino has not filed an answer or other responsive pleading or otherwise appeared in this lawsuit. On Plaintiff's motion, the Clerk of the Court entered default against Consentino on March 2, 2009 (ECF No. 7), and on April 6, 2009, Plaintiff filed its first Motion for Default Judgment (ECF No. 9).

I conducted a hearing on the motion for default judgment on May 27, 2009, during which I directed Plaintiff to file additional authority supporting its request transfer of title of the URL www.sharpshootersphoto.com. At the hearing, I raised the question of whether I have personal jurisdiction over Consentino. Plaintiff filed a supplemental motion for default judgment on June 4, 2009 (ECF No. 16), addressing the propriety of the requested relief but not the issue of jurisdiction.

On December 10, 2009, I issued an order indicating the likelihood that personal jurisdiction was lacking and denying both motions for default judgment. (ECF No. 19). In

---

[4] Plaintiff seeks an injunction prohibiting Consentino from using the names "SharpShooters," "SharpShooter's," "SharpShooters Photography," or any other confusingly similar name for photography-related services, and requiring immediate cessation of any business activities under those names or confusingly similar names. Complaint, at 7-8. Plaintiff also requests that I order Consentino to certify destruction of all business materials containing reference to "SharpShooters," as well as of all advertising that confuse Consentino's services with those provided by Plaintiff. *Id.* at 8.

the order, I directed Plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction. Plaintiff responded, presenting evidence of the interactive nature of the www.sharpshootersphoto.com website. (ECF No. 20).

Based on the record before me, I now address the issue of whether I may exercise personal jurisdiction over Consentino in this lawsuit.[5]

## Legal Standards

Plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a *prima facie* showing.[6]  *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). I accept as true all well-pleaded facts alleged in Plaintiff's Complaint. *Id.*

Before I may assert personal jurisdiction over Consentino in this federal question case, I must determine whether the Lanham Act confers jurisdiction by authorizing service of process on Consentino and whether the exercise of jurisdiction is consistent with due process standards. *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th

---

[5] As stated in my December 10, 2009 Order, any default judgment entered in Plaintiff's favor would be void if I lack personal jurisdiction over Consentino. Order at 7 (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (further citations omitted)).

[6] In this case, I held a hearing on Plaintiff's Motion for Default Judgment on May 27, 2009. That hearing focused mainly on the merits of Plaintiff's claim, the relief requested, and the efforts made by Plaintiff to notify Consentino of the hearing. At the close of the hearing, I expressed some concern regarding whether Consentino is subject to personal jurisdiction in Colorado, but no substantial evidence was offered on that point. Furthermore, due to the fact that Consentino has yet to enter an appearance in this case, the hearing was not an adversarial one. Accordingly, I determine that Plaintiff need only make a *prima facie* showing of personal jurisdiction.

Cir. 2000). Because the Lanham Act does not authorize nationwide service of process, *Be2 LLC v. Ivanov*, ___ F.3d ___, 2011 WL 1565490 at *3 (7th Cir. April 27, 2011), I must determine whether Consentino is amenable to service of process in Colorado. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "Colorado's long-arm statute . . . confers the maximum jurisdiction permissible consistent with the Due Process Clause," and, accordingly, "the first, statutory, inquiry effectively collapses into the second, constitutional, analysis." *Id.*

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to asset in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). To satisfy due process requirements, Plaintiff must show that Consentino has minimum contacts with the State of Colorado "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 414 (citations omitted). The required contacts may give rise to personal jurisdiction "either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum related activities[.]" *Shrader*, 633 F.3d at 1239.

As the Tenth Circuit wrote in *Dudnikov*:

General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange of "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

514 F.3d at 1078 (citations omitted).

The resolution of personal jurisdiction standards, either general or specific, is

complicated where, as in this case, a defendant's sole contact with the forum state is through an internet website. Because the internet is "omnipresent," without some adaptation of personal jurisdiction principles, the mere act of placing information on the internet would subject a person "to personal jurisdiction in each State in which the information is accessed[.]" *Shrader*, 633 F.3d at 1240 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (In that event, "the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist")). "To avoid this untenable result, it is necessary to adapt the analysis of personal jurisdiction to this unique circumstance by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there." *Id.* (emphasis in original).

Keeping this necessary adaptation in mind, I will address personal jurisdiction over Consentino in the contexts of both general and specific jurisdiction.

## Discussion

1.    General Personal Jurisdiction

The only potential basis for exercising general jurisdiction over Consentino is the presence of his website, www.sharpshootersphoto.com, on the internet. There are neither allegations in the Complaint nor evidence in the record suggesting that Consentino has ever been to Colorado or transacted any business here other than through the internet.

In addressing whether internet activity constitutes the "substantial and continuous" contacts with the forum state required to exercise general jurisdiction, several courts have

applied the sliding scale proposed by *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997):

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

952 F.Supp. at 1124 (citations omitted).

The Tenth Circuit discussed the sliding scale test in *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir. 1999), but has not definitively adopted or rejected it. *Shrader*, 633 F.3d at 1242 n.5.

Using the test for guidance in this case, I conclude that Consentino's website falls in the middle ground of interactive sites, requiring that I consider "the level of interactivity and commercial nature of the exchange of information" on the site.[7] *Zippo*, 952 F.Supp. at 1124. I have evidence that a resident of Colorado can access Consentino's website,

---

[7] The website in question is clearly not passive, as it allows users to view and order photographs in specified sizes and quantities. Nor is Consentino's use of the site one involving "the knowing and repeated transmission of computer files over the Internet." *Zippo*, 952 F.Supp. at 1124. *Cf. CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) (defendant subject to personal jurisdiction where he subscribed to CompuServe, entered into an agreement to load his software onto the CompuServe system for others to use and/or purchase, and repeatedly sent his software to the CompuServe system).

access the host computer to specify the size, number, and cropping of photographic prints, purchase those prints, and direct delivery of the purchase to a Colorado street address. Response (ECF No. 20). The fact that the site is interactive and available to residents of Colorado, however, is not enough. As I noted earlier, the Tenth Circuit emphasizes that there must be evidence that Consentino "intentionally directed" his internet activity at Colorado. *Shrader*, 633 F.3d at 1240.

Indeed, in the context of general jurisdiction based on operation of a commercial website, the Tenth Circuit has stated:

> It should be emphasized that, as we are dealing with general jurisdiction, the commercial contacts here must be of a sort "that approximate physical presence" in the state–and "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximately physical presence within the state's borders."

*Id.* at 1243 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). While operating a website selling products to residents of Colorado can subject Consentino to general jurisdiction in this state, "[t]he case law sets the bar quite high . . . denying general jurisdiction absent substantial sales." *Id.* (collecting cases). Indeed, Consentino may be subjected to general personal jurisdiction in Colorado only upon a showing that he "has actually and deliberately used [his] website to conduct commercial transactions *on a sustained basis with a substantial number of residents of the forum*." *Id.* (quoting *Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001) (emphasis in quoted material)).

Although I recognize that Plaintiff has been unable to conduct jurisdictional discovery

because of Consentino's default, I cannot transform evidence that the website in question is accessible to Colorado residents into evidence that Consentino has used his site to conduct sustained business with a substantial number of Colorado residents. Even acknowledging the light burden on Plaintiff, the record before me is devoid of any evidence that Consentino has sold even one photograph in Colorado. Absent some basis to approximate physical presence in Colorado, I must conclude that the exercise of general personal jurisdiction over Consentino would be unreasonable.

2.      Specific Personal Jurisdiction

Even where general jurisdiction is not proper, I may still exercise specific personal jurisdiction over Consentino if he "purposefully directed" his activities at residents of Colorado and if Plaintiff's cause of action arises out of those activities. *Shrader*, 633 F.3d at 1239. If these standards are met, I must consider whether the exercise of personal jurisdiction is "consonant with traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1071.

In its discussion of the necessary adaptation of personal jurisdiction principles to the internet context, the *Shrader* court cited the Fourth Circuit's test in *ALS Scan*:

> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) *directs electronic activity into the State*, (2) *with the manifested intent of engaging in business or other interactions within the State*, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

633 F.3d at 1240 (quoting *ALS Scan*, 293 F.3d at 714) (alteration and emphasis in quoted material). The Tenth Circuit found the *ALS Scan* approach compatible with its earlier

10

discussion of personal jurisdiction in *Dudnikov*. There, the court distilled the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), into a three-part test for finding "purposeful direction": purposeful direction may be found where the defendant engages in "(a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state[.]" *Dudnikov*, 514 F.3d at 1072.

Consentino's "maintenance of a website does not in and of itself subject [him] to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader*, 633 F.3d at 1241. Instead, there must be some indication that he "deliberately directed" his "message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id*.

With all these principles in mind, I now address the case before me.

a. <u>Intentional Action</u>

I think there is no question that Consentino intentionally directed electronic activity into Colorado. He conducts his business under the name Sharpshooters Photography and posts websites on the internet advertising his business under that name. Those websites are accessible in Colorado. Although it is not clear from *Dudnikov* whether the intentional action must be wrongful or tortious, Consentino continued to operate his website after having constructive and actual notice that Plaintiff owns the "SharpShooter" trademarks. These actions are sufficient to permit an inference of intentional, wrongful conduct as

11

alleged in Plaintiff's complaint.

      b.      <u>Action Aimed at Forum State</u>

The next factor analyzed by the court in *Dudnikov* was whether the defendant's intentional action was expressly aimed at the forum state. "[T]here is some overlap between this test and *Calder's* additional requirement . . . that a defendant must know that the 'harm . . . was suffered' in the forum state." *Dudnikov*, 514 F.3d at 1074–75. However, the two remain separate inquiries because "the 'express aiming' test focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts—while the latter requirement concentrates on the consequences of the defendant's actions—where was the alleged harm actually felt by the plaintiff." *Id.* at 1075.

The Tenth Circuit has taken a restrictive approach to the "expressly aimed" requirement, "holding that the forum state itself must be the 'focal point of the tort.'" *Id.* at 1074 n.9 (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995)). It is not enough that Consentino individually targeted Plaintiff by operating a website that infringed its trademarks. *Id. See also Be2 LLC*, ___ F.3d ___, 2011 WL 1565490 at *4 ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution").

In this case, there is no evidence in the record that shows that Consentino "deliberately targeted or exploited" the Colorado market. *Id.* I have no information that Consentino has ever had a customer from Colorado or that his website has been accessed

from Colorado other than by Plaintiff's representative. The mere fact that Colorado is one of the choices for a user of the site to select in entering a mailing address is not sufficient to demonstrate that Consentino deliberately targeted a Colorado audience. *Shrader*, 633 F.3d at 1241. Furthermore, although Consentino had both constructive and actual notice of Plaintiff's trademarks, there is no evidence that he knew Plaintiff operated out of Colorado. *Cf. Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 446-47 (7th Cir. 2010) (constructive knowledge insufficient absent other contacts with forum state; actual notice requires evidence beyond plaintiff's mere residence in forum state).

I continue to be sensitive to the fact that, because Consentino has yet to file a responsive pleading, Plaintiff has been unable to engage in jurisdictional discovery. Nonetheless, the record before me simply does not allow me to conclude that Consentino intentionally aimed his electronic message at Colorado.[8] Because Plaintiff has not met this prong of *Dudnikov*'s purposeful direction test, I need not consider the third prong, whether Consentino knew the brunt of the injury would be felt in Colorado, although I again note that there is no evidence he knew Plaintiff was a Colorado resident.

I conclude that Plaintiff has failed to make a *prima facie* showing that Consentino purposefully directed his activities toward Colorado. The exercise of specific jurisdiction over Consentino is not proper in this case.

---

[8] I observe that the Complaint alleges that Consentino operates his business in New York. The geographic distance between Colorado and New York renders it unreasonable to assume that many of his internet customers will reside here.

Accordingly, it is ORDERED that this case is dismissed without prejudice for lack of personal jurisdiction over defendant Robert Consentino.

DATED at Denver, Colorado, on July 26, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge